**H.E.A. OF MASSACHUSETTS, INC., d/b/a Jamaica Towers Nursing Home**

v.

**Otis R. BOWEN, M.D., as he is the Secretary of Health and Human Services, the Massachusetts Department of Public Health, Stephen W. Havas, M.D., as he is the acting Massachusetts Commissioner of Public Health, the Massachusetts Department of Public Welfare, and Charles Atkins, as he is the Massachusetts Commissioner of Public Welfare.**

Civ. A. No. 87–2023–Z.

United States District Court, D. Massachusetts.

Aug. 18, 1987.

Kenneth A. Behar, Behar & Kalman, Boston, Mass., for plaintiffs.

Robbins, Asst. U.S. Atty., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

In light of the finding of the Massachusetts Department of Public Health ("DPH") that conditions at the Jamaica Towers Nursing Home ("Jamaica Towers") were such as to place its patients' health and safety in immediate jeopardy, the United States Department of Health and Human Services ("the Department") terminated Jamaica Towers' certification as a Medicare/Medicaid provider as of August 11, 1987.[1] Jamaica Towers seeks to enjoin the certification termination until an evidentiary hearing on conditions at the home is held. The defendants argue that, because Jamaica Towers has not exhausted its available administrative remedies, this Court is without jurisdiction to proceed on plaintiff's claim at this time.

The relevant facts may be summarized as follows. On June 15 and July 1, 1987, DPH received separate complaints alleging patient mistreatment and neglect at Jamaica Towers. On July 14, 15 and 18, surveyors from DPH, acting on behalf of the Department, investigated the complaints and found numerous violations of the Conditions of Participation and nursing facility standards under which Jamaica Towers operates as a Medicare provider. The Department determined that these violations constituted an immediate and serious threat to patient health and safety and that, therefore, Jamaica Towers' certification as a Medicare provider should be terminated.

On July 22 and 24, the Associate Regional Administrator of the DPH notified Jamaica Towers of the alleged violations and of the Department's decision to terminate the home's certification as of August 11, 1987. Jamaica Towers was invited to take corrective steps before August 11 to preserve its participation and to submit a written response demonstrating its compliance with the law. On July 29, Jamaica Towers requested an informal reconsideration of the Department's findings. It submitted a written rebuttal of the alleged violations on July 30. At an August 3 meeting, Jamaica Towers, represented by counsel, orally presented its case to the Department. As a result of that meeting, Jamaica Towers was re-examined by DPH agents who reported that conditions at the home were not substantially improved.

Under the statutory scheme at issue in the case, Jamaica Towers may contest the termination decision at an administrative hearing and it is entitled to judicial review of the Secretary's final decision after such hearing. *See* 42 C.F.R. § 1501 *et seq.;* 42 U.S.C. § 405(b), (g) (1986). Judicial review is precluded until all administrative remedies have been exhausted. *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). The exhaustion requirement may, however, be judicially waived if: (1) plaintiff raises a colorable constitutional claim wholly collateral to the substantive claim of entitlement; and (2) plaintiff makes a showing that full relief cannot be obtained at a post-deprivation hearing because it will suffer irreparable harm or be damaged in a way not recompensable through retroactive payments. *Heckler v. Ringer,* 466 U.S. 602,

1. The Department terminated the Medicare certification which then, by statute, triggered the termination of the Medicaid certification. *See* 42 C.F.R. § 442.20(b).

617–618, 104 S.Ct. 2013, 2022–23, 80 L.Ed. 2d 622 (1984).

Plaintiff points out that, had its certification been terminated without a finding that conditions at the home placed patients in immediate jeopardy, its certification would have been continued pending administrative hearing. Given the finding of jeopardy, however, the statute provides for immediate termination of an institution's provider status. Plaintiff claims that it was denied due process in that it was not given adequate notice of the grounds underlying the jeopardy assessment and in that it was not given a full evidentiary hearing prior to termination.

Before Jamaica Towers can raise due process concerns, it must demonstrate that it faces deprivation of a constitutionally-protected interest for which process is due. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). First Circuit case law recognizes no constitutionally-protected property interest of a Medicare provider in continued eligibility for reimbursement for Medicare or Medicaid services. *Cervoni v. Secretary of Health, Education and Welfare,* 581 F.2d 1010, 1018 (1st Cir.1978).

Even assuming, however, that it has some protected property interest,[2] I find no violation of due process since the pretermination process afforded Jamaica Towers is sufficient. All that the Constitution requires prior to termination is notice and some opportunity for the claimant to present his side of the case. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). "[I]n general, something less than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id.* 105 S.Ct. at 1495. Here, Jamaica Towers received notice in the form of a series of detailed descriptions of the charges against it, a written invitation to correct deficien-

cies and demonstrate compliance in writing, the opportunity to present its side of the case orally with the assistance of counsel, and a second chance to demonstrate compliance through a resurvey of conditions at the home. Jamaica Towers has received at least as much pre-termination process as is constitutionally required; whatever due process rights it may have are sufficiently satisfied by a post-termination evidentiary hearing. *See Gruter Foundation, Inc. v. Bowen,* 652 F.Supp. 245, 254 (N.D. Ohio 1986) (due process rights of Medicare provider sufficiently protected by post-termination hearing when health and safety of patients is at issue). *Compare Wayside Farms v. U.S. Department of Health and Human Services,* 663 F.Supp. 945 (N.D. Ohio 1987) (enjoining termination prior to the exhaustion of administrative remedies but distinguishing *Gruter* on the grounds that *Gruter* involved a finding of jeopardy, therefore requiring deference to the administrative process, while *Wayside* did not).

Accordingly, the motion for preliminary injunction is denied.

---

2. In a recent case similar to that which is now before me, Judge Woodlock examined later First Circuit decisions and concluded that *Cervoni* might be revisited by the Court of Appeals. He therefore assumed for purposes of his deci-

sion that the rules regarding termination do give the Medicare provider some sort of property interest subject to due process protection. *John Doe, M.D. v. Bowen,* No. 87–1068–WD, slip op. (D.Mass. July 30, 1987).